## Case No. 8,837.

### In re MACKAY et al.

[4 N. B. R. 66 (Quarto, 17);[1] 2 Chi. Leg. News, 393.]

District Court, S. D. New York. 1870.

BANKRUPTCY—DISCHARGE—NO PROPER BOOKS— CASH-BOOK.

Where bankrupts are charged with not keeping proper books of account. and the receipts and disbursements entered in cash-book were unintelligible, *held*, discharges cannot be granted to bankrupts.

[Cited in Re Howard, 10 Atl. 719.]

[In the matter of John Murdock Mackay and John Neilson, bankrupts.]

T. C. F. Buckley, for creditor.
G. C. Barrett, for bankrupts.

BLATCHFORD, District Judge. I have been carefully through more than once the thirteen hundred manuscript folios of testimony in this case, and the various schedules

[1] [Reprinted from 4 N. B. R. 66 (Quarto, 17), by permission.]

and books of account put in evidence, and am compelled to come to the conclusion that discharges cannot be granted to the bankrupts.

The principal specification of objection to their discharge, is, that being merchants and traders within the meaning of the bankrupt act [of 1867; 14 Stat. 517], they have not, subsequently to the passage of the said act, kept proper books of account. Various particulars under this head are stated in the specifications. It is impossible to examine the cash-book of the firm of J. M. Mackay & Co., of which the bankrupts were members, nor to read in connection with it the testimony of the bankrupt Mackay, and not come to the conclusion that such cash-book fails to show, in an intelligible or proper manner, the nature and character of such receipts and disbursements of cash made by the firm as are entered therein, and that it fails to contain many entries of receipts and disbursements of cash that were made by the firm. It is also apparent from the testimony of the bankrupt Mackay, that many receipts and disbursements of cash were made by the firm that were not entered in any book or account, and of which no record was made. These objections are embraced in the specifications, and, upon them, without examining any of the other grounds specified, I am satisfied that it is my duty to refuse discharge.

[Subsequently discharge was, upon the same grounds, refused to John Maxwell Mackay, another member of the bankrupt firm. Case No. 8,838.]